UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT ALAN DANIEL, et al.,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

Case No. 3:22-cv-05303-TMC

ORDER ON MOTION TO DISMISS

## I.   INTRODUCTION

Plaintiff Robert Daniel alleges that the United States Forest Service is liable under the Federal Tort Claims Act (FTCA) for his injuries caused by an excavator accident on a Forest Service Road. The Court previously granted in part and denied in part Defendant United States' motion to dismiss, concluding that all but two of Daniel's negligence theories were barred by the discretionary function exception to the FTCA. Dkt. 42. The United States has now moved to dismiss the remaining allegations that the Forest Service was negligent for (1) failing to repair the eroded shoulder at the site of the accident after the logging contractor pointed out it was dangerous; and (2) allowing hauling to begin over Forest Road (FR) 47 without that repair. Dkt. 54. The United States argues: (1) the FTCA assesses liability of the United States to the extent that state law applies liability to private entities; (2) under Washington law as it applies to

ORDER ON MOTION TO DISMISS - 1

private entities, the Forest Service did not owe Daniel a duty of care to repair the eroded shoulder; and (3) the FTCA does not apply to the Forest Service's decision to allow hauling because there is no private person analogue under Washington law. *Id.* For the reasons set forth below, the Court GRANTS the United States' motion to dismiss.

## II.    BACKGROUND

At the time of injury, Daniel was working for NW Renewable Energy Group, LLC (doing business as "Arsiero Logging"), a timber broker logging company that contracted with the United States Forest Service to access and haul timber. Dkt. 1 ¶ 3.24; Dkt. 28-4 at 5. On May 3, 2022, Daniel, along with his adult daughter Hanna Sue Daniel, and on behalf of his minor children JRD and LJD, brought this negligence action against the United States under the FTCA. Dkt. 1 ¶¶ 2.1–2.3. The Court incorporates by reference the factual background of this case as recited in its order on the United States' previous motion to dismiss. Dkt. 42.

## III.    DISCUSSION

**A.    Motion to Dismiss Legal Standard**

A Rule 12(b)(1) motion seeks dismissal of a claim for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). The United States argues that the Court lacks jurisdiction over Daniel's claim that the Forest Service negligently determined that FR 47 was "safe for haul" because there is no private analogue for that claim under Washington law, and the FTCA waives sovereign immunity only to the extent a private person would be liable. *See* Dkt. 54 at 22. When, as here, the Court considers factual attacks on subject matter jurisdiction, plaintiffs "must present 'affidavits or any other evidence necessary to satisfy [their] burden of establishing that the court, in fact, possesses subject matter jurisdiction.'" *Edison v. United States*, 822 F.3d 510, 517 (9th Cir. 2016) (alteration in original) (quoting *Colwell v. Dep't of Health & Hum. Servs.*, 558 F.3d 1112, 1121 (9th Cir. 2009)). "Once the moving party has converted the motion to dismiss into a

ORDER ON MOTION TO DISMISS - 2

factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage v. Glendale Union High Sch., Dist. No. 205*, 343 F.3d 1036, 1040 (9th Cir. 2003).

The Court "may look beyond the pleadings to the parties' evidence without converting the motion to dismiss into one for summary judgment." *Edison*, 822 F.3d at 517 (citing *White v. Lee,* 277 F.3d 1214, 1242 (9th Cir. 2000)). When "evaluating the evidence, the court 'need not presume the truthfulness of the plaintiffs' allegations.'" *Id.* (quoting *White,* 277 F.3d at 1242). "Any factual disputes, however, must be resolved in favor of Plaintiffs." *Id. (*citing *Dreier v. United States*, 106 F.3d 844, 847 (9th Cir. 1996)).

**B.   Summary Judgment Legal Standard**

Although styled as a motion to dismiss, the United States' argument against Daniel's other claim—that the Forest Service was negligent for failing to repair the eroded shoulder—is a summary judgment motion. The United States argues that under the applicable private analogue in Washington law, it had delegated its duty of care as a landowner to the logging contractor that employed Daniel, and therefore no reasonable factfinder could determine it had breached a duty to Daniel. Dkt. 54 at 5–21.

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute as to a material fact is genuine "if the evidence is such that a reasonable [factfinder] could return a verdict for the nonmoving party." *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). And a fact dispute is "material" "only if it could affect the outcome of the suit under the governing law." *In re Barboza*, 545 F.3d 702, 707 (9th Cir. 2008). The

moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim for which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985).

The evidence relied upon by the nonmoving party must be able to be "presented in a form that would be admissible in evidence." *See* Fed. R. Civ. P. 56(c)(2). Even circumstantial evidence, however, can defeat a motion for summary judgment if the inferences drawn in the non-moving party's favor are reasonable. *McLaughlin v. Liu*, 849 F.2d 1205, 1208–09 (9th Cir. 1988). "'The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor.'" *Tolan v. Cotton*, 572 U.S. 650, 651 (2014) (per curiam) (quoting *Anderson*, 477 U.S. at 255).

C.  **Applicable Law Under the FTCA**

Under the FTCA, "the United States waives sovereign immunity under circumstances where local law would make a private person liable in tort." *United States v. Olson*, 546 U.S. 43, 44 (2005) (internal quotations and emphasis omitted). Therefore, the "Act requires a court to look to the state-law liability of private entities, not to that of public entities, when assessing the Government's liability." *Id.* at 46 (citing *Indian Towing Co. v. United States*, 350 U.S. 61, 64 (1955)); *see, e.g.*, *Xue Lu v. Powell*, 621 F.3d 944, 947 (9th Cir. 2010) (holding that the appropriate FTCA analysis evaluates "principles of respondeat superior liability that apply to private entities"); *Bolt v. United States*, 509 F.3d 1028, 1030 (9th Cir. 2007). In *Olson*, two mineworkers sued the United States, claiming that federal mine inspectors' negligence led to an accident in which they were injured. *Id.* at 45. The district court dismissed the case, in part because "their allegations were insufficient to show that Arizona law would impose liability upon a private person in similar circumstances." *Id.* The Ninth Circuit reversed, following its earlier precedent that, where "unique governmental functions" are at issue, the United States

waives sovereign immunity under the FTCA if a state or municipal entity would be liable under the law of the applicable state. *Id.* The Supreme Court rejected and overruled that line of precedent, reiterating that the FTCA "requires a court to look to the state-law liability of private entities, not that of public entities," even when assessing claims of negligence "in the performance of activities which private persons do not perform." *Id.* at 46 (quotation marks and citations omitted).

Similarly, in *Bolt*, the plaintiff brought a negligence action under the FTCA against the United States for injuries resulting from a fall on federal property. *Bolt*, 509 F.3d at 1030 (9th Cir. 2007). The Ninth Circuit, two years after *Olson*, held that "[t]he FTCA creates no exceptions for government conduct similar to that undertaken by municipalities. The relevant question for purposes of Bolt's claim is whether a private landlord would owe tenants a duty to keep common areas free of snow and ice." *Id.* at 1035 (citing *Lutz v. United States*, 685 F.2d 1178, 1184 (9th Cir. 1982)). Upon review of Alaska's "statutory duty on civilian landlords to keep all common areas of the premises in a clean and safe condition," the Court concluded that, "Bolt adequately alleged a claim under the FTCA based on the [United States'] failure to clear the common parking area of snow and ice." *Id.* at 1031.

> 1. *The applicable Washington state analogue for Daniel's claim that the Forest Service failed to repair the eroded shoulder is the duty of a private landowner to an invitee.*

The United States argues that the applicable state law in this case is Washington's law governing the duties of private landowners to their invitees. Dkt. 54 at 5; *see also Kamla v. Space Needle Corp.*, 147 Wn.2d 114, 125, 52 P.3d 472 (2002) ("Employees of independent contractors hired by landowners are invitees on the landowners' premises."). The United States contends that "Washington has adopted Sections 343 and 343A of the Restatement (Second) of Torts to define a landowner's duty to any invitee." Dkt. 54 at 5. Section 343 states that a

ORDER ON MOTION TO DISMISS - 5

landowner is liable for physical harm caused to his invitees by a condition on the land if the landowner:

> (A) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
>
> (B) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
>
> (C) fails to exercise reasonable care to protect them against the danger.

Restatement (Second) of Torts § 343.

For land conditions that present an open and obvious danger, Section 343A provides:

> A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness.

*Id.*

The Washington Supreme Court has held that under Section 343A, "[a] landowner is liable for harm caused by an open and obvious danger if the landowner should have anticipated the harm, despite the open and obvious nature of the danger." *Kamla*, 147 Wn.2d at 126. The United States claims it is not liable to Daniel under Section 343 and 343A because it "had no reason to anticipate that [Daniel and Malgarini] would see what they allege were clear hazards, ignore the available options to remedy or avoid the hazards, and knowingly encounter them understanding serious injury or death was possible." Dkt. 54 at 8. The United States presents evidence demonstrating that Daniel is an experienced logger and equipment operator, who was working under Malgarini, an experienced contractor who has purchased Forest Service timber sales contracts knowing "the risks of operating logging trucks and machinery on Forest Service roads." Dkt. 28-3 at 13–16, 20–21; Dkt. 28-4 at 52–53; *see Kamla*, 147 Wn.2d. at 127 (holding the Space Needle could not have anticipated that contractor's employee would drag the safety

ORDER ON MOTION TO DISMISS - 6

line across the open elevator shaft when the employee was experienced and knew of open elevator shaft dangers). The United States cites to testimony from Malgarini and Daniel showing they knew the danger of the eroded shoulder but decided to proceed with their work. Dkt. 28-3 at 123–124, 140–141, 175; Dkt. 28-4 at 103–104, 136.

In response, Daniel asserts that because his accident occurred on a roadway open to the public, the United States is incorrect when it relies upon private premises liability law. Dkt. 56 at 2. Daniel argues that the appropriate standard is articulated in *Keller v. City of Spokane*, which states:

> A [County] [City] [Town] [State] has a duty to exercise ordinary care in the [construction] [repair] [maintenance] of its public [roads] [streets] [highways] to keep them in a reasonably safe condition for ordinary travel.

146 Wn.2d 237, 254, 44 P.3d 845 (2002); *see* Dkt. 56 at 4. But this duty of care applies to local governments, not to private parties as required by the FTCA. *Olson*, 546 U.S. at 46; *see also Love v. United States*, 60 F.3d 642, 644 (9th Cir. 1995) (under the FTCA the plaintiff "must show that the government's actions, if committed by a private party, would constitute a tort."). All the cases cited by Daniel involve a state or local government's duty of care to maintain its public roadways and sidewalks. *See, e.g.*, *Leroy v. State*, 124 Wash. App. 65, 68, 98 P.3d 819 (2004) ("The main issue on appeal is whether the State owes a duty under all circumstances or whether its duty arises only when certain conditions are met."); *Millson v. City of Lynden*, 174 Wn. App. 303, 306, 298 P.3d 141 (2013) ("A municipality has a duty to pedestrians using its sidewalks to keep the sidewalks reasonably safe for their intended use.").

This argument ignores the controlling Supreme Court precedent in *Olson*. Sections 343 and 343A provide the applicable duty of care for private landowners under Washington law, and that is the standard this Court must apply to the United States in this FTCA case.

   *2. Daniel has not met his burden of producing evidence that the Forest Service breached its duty of care under Washington law.*

Under Washington law, "a landowner may satisfy its duty to guard the invitee against known or obvious dangers on the premises by delegating the duty of protection to an independent contractor." *Eylander v. Prologis Targeted U.S. Logistics Fund, LP*, 2 Wash.3d 401, 413, 539 P.3d 376 (2023). Delegation to a contractor is reasonable when (1) "delegation is explicit in nature and the scope requires the independent contractor to assume the duty of exercising reasonable care to make the land safe for entry" and (2) "the landowner exercises reasonable care in selecting a competent contractor with proper experience and capacity to work in the presence of a known or obvious danger." *Id.* at 415. An exception to this rule is the nondelegable duty doctrine which imposes liability on the principal when it retains control of the independent contractor's work. *Id.* at 414.

The United States argues that it reasonably delegated any duty of care it may have had to Malgarini, as the independent contractor. Dkt. 54 at 12. First, the United States points to evidence that the delegation of duty was explicit in the timber sales contract, and Malgarini agreed to follow all applicable laws and have sole responsibility for the health and safety of his employees. Dkt. 28-4 at 72–74, 80. Second, the United States maintains that it exercised reasonable care in selecting Malgarini based on his 25 years of experience working in hazardous conditions and logging under Forest Service timber sale contracts. *Id.* at 52–53, 71.

To survive summary judgment, the nonmoving party must show that there is a genuine dispute as to whether the delegation was reasonable or proper. *See Eylander*, 2 Wash.3d at 407–10. It is the nonmoving party's responsibility "to identify with reasonable particularity the evidence that precludes summary judgment," and if it elects not to do so, the Court need not "scour the record in search of a genuine issue of triable fact[.]" *Keenan v. Allan*, 91 F.3d 1275,

ORDER ON MOTION TO DISMISS - 8

1279 (9th Cir. 1996) (citation omitted). Here, Daniel has focused his arguments solely on contesting the applicable legal standard. He has not identified any evidence from which a reasonable factfinder could conclude that the United States did not expressly delegate its duty of care to Malgarini, or that it failed to exercise care in selecting Malgarini as a competent contractor. And even if the United States had not delegated its duty of care, Daniel has not identified evidence disputing that he and Malgarini were both aware of the open and obvious danger of the eroded shoulder but proceeded with the work because they believed they could mitigate the risks. *See* Restatement (Second) of Torts §§ 343, 343A; *Kamla*, 147 Wn.2d. at 127.

        The United States also argues that the nondelegable duty exception does not apply because it did not retain control over Malgarini's work. *Id.* at 17. To establish retained control, "the plaintiff [must] show that the principal had the right to involve itself in the *performance* of the work, not merely the right to oversee compliance with the contract." *Reaume v. United States Dep't of Agric. Forest Serv.*, No. 3:18-CV-05032-RBL, 2019 WL 2436230, at *3 (W.D. Wash. June 11, 2019) (citing *Hennig v. Crosby Group, Inc.*, 116 Wn.2d 131, 134, 802 P.2d 790 (1991)) ("Reaume has not established that Forest Service owed him a duty based on retained control because he did not submit sufficient evidence showing that Forest Service controlled the method of his work."). The United States asserts that like the contract in *Reaume*, the timber sale contract explicitly delegated all control of on-the-ground activities and the safety of its employees to Mr. Malgarini. Dkt. 18-8 at 30, 34, 35–36; *see Reaume*, 2019 WL 2436230, at *1. Its role was limited to overseeing the completion of the contract and negotiating with the purchaser any necessary modifications. Dkt. 18-8 at 35, 37. Malgarini was "responsible for the on-the-ground direction and supervision of the 'Purchaser's Operations,'" and for implementing safety protocols in compliance with all Washington State Occupational Safety and Health Administration requirements. Dkt. 18-8 at 37; Dkt. 28-4 at 72–73.

ORDER ON MOTION TO DISMISS - 9

Daniel has not shown a genuine factual dispute as to whether the United States retained control over the performance of the contractor's work. *See Reaume*, 2019 WL 2436230, at *3. Daniel instead argues that because the United States' duty arises from its ownership of the road, the government may delegate its duty only by vesting the contractor with exclusive control of the road. Dkt. 56 at 8–9. The Court disagrees. Ownership of the road where the contractor's work takes place and control over the way that work is carried out are two separate inquiries. *See Hennig,* 116 Wn.2d at 134 (owning the premise is not sufficient to create liability unless the owner actively supervised the employees, had superior knowledge that an object was defective, or took actions that affirmatively increased the risk of harm). The Washington Court of Appeals in *Phillips* explained the types of actions that would constitute the principal's control over the contractor's work, which include conducting meetings to address safety issues, routinely giving workers directions on safety, and overseeing the workers' day to day progress. *Phillips v. Kaiser Aluminum & Chem. Corp.,* 74 Wn. App. 741, 752, 875 P.2d 1228 (1994). Daniel does not offer analogous examples to establish that the Forest Service controlled the way Malgarini's employees performed their work. Rather, Daniel contends that the United States retained control over the contractor's work because road reconstruction required authorization from the Forest Service. Dkt. 26 at 11. Daniel points to provisions in the Willie Thin Reoffer stating that the United States has authority to designate certain sections of the road as unsuitable for hauling, and that Arsiero was allowed to use the road only to the extent necessary to complete the contract. Dkt. 18-8 at 61, 153. Daniel also cites to testimony showing that Arsiero was not permitted to repair the road without permission from the United States. Dkt. 28-1 at 52. However, even viewing the evidence presented in the light most favorable to Daniel, no reasonable factfinder could conclude that requiring authorization for reconstruction alone proved that the government exercised control over the contractor's work. Daniel has not demonstrated there is a genuine

ORDER ON MOTION TO DISMISS - 10

dispute as to whether the United States properly or reasonably delegated any duty it may have owed.

Because Daniel has not shown evidence from which a factfinder could conclude that the United States breached a duty of care it owed to him, the Court must grant summary judgment to the United States on Daniel's claim that the Forest Service negligently failed to repair the eroded shoulder at the site of his accident.

> 3.   *Daniel has failed to show that there is a private person analogue for approving FR 47 for "safe haul."*

The FTCA "establishes federal jurisdiction over civil suits for money damages against the United States." *Bolt*, 509 F.3d at 1031. Because the Act "makes the United States liable for tort damages 'in the same manner and to the same extent as a private individual under like circumstances,'" the Plaintiff must show that a proper private analogue exists. *Firebaugh Canal Water Dist. v. United States*, 712 F.3d 1296, 1303 (9th Cir. 2013) (citing 28 U.S.C. § 2674). "The question of whether a private analog[ue] exists is a question of 'whether a private person would be responsible for similar negligence under the laws of the State where the acts occurred.'" *Id.* (quoting *Rayonier, Inc. v. United States*, 352 U.S. 315, 319, (1957)). "Congress does not require a claimant to point to a private person performing a governmental function." *Xue*, 621 F.3d at 947. However, "Plaintiff is required to demonstrate that a similar situation, under state law, would confer an analogous duty." *PW Arms, Inc. v. United States*, 186 F. Supp. 3d 1137, 1144 (W.D. Wash. 2016). The burden of establishing jurisdiction rests upon the party bringing the claim. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

The United States argues that there is no similar private party analogue because "Washington law does not impose a tort duty on a private person to determine whether a Forest Service road is ready for 'safe haul' based on an application of technical safety standards in the

ORDER ON MOTION TO DISMISS - 11

Forest Manual, the Forest Service Handbook, and a timber sale contract." Dkt. 54 at 22. In the same way the Ninth Circuit in *Westbay Steel* held that a contracting officer's alleged negligent approval of a contract and surety is not actionable under the FCTA, the United States argues that approval of "safe haul" lacks a private party analogue. Dkt. 24 at 23; *see Westbay Steel, Inc. v. United States*, 970 F.2d 648, 651 (9th Cir. 1992).

Daniel counters that the appropriate analogue to the United States is the Washington State Department of Natural Resources. Dkt. 56 at 16. Daniel cites *Louie v. United States* to again argue that under the FTCA, the federal government's liability depends on the liability of a state or municipality under like circumstances. *Id.* at 18; *see Louie v. United States*, 776 F.2d 819, 925 (9th Cir. 1985). As discussed above, *see* Sec. III.C.1, the Supreme Court has since rejected analogies to municipalities, holding that the relevant analogue must be drawn from state law liability for private entities. *See Olson*, 546 U.S. at 45 (rejecting the argument that the federal government's liability should be compared to the liability of state and local mine inspectors); *see also Bolt*, 509 F.3d at 1035 (holding that the United States' duty derived from Alaska law which imposed a duty of care on private landlords).

The FTCA requires Daniel to show that a private entity would be responsible for similar negligence under Washington law. *See Dugard v. United States*, 835 F.3d 915, 920 (9th Cir. 2016); *Firebaugh*, 712 F.3d at 1303. Daniel has not met his burden of presenting a reasonable private party analogue for the Forest Service's decision to approve safe haul over FR 47. The Court therefore lacks jurisdiction over this claim and it too must be dismissed.

### IV.    CONCLUSION

For the reasons explained above, the Court GRANTS the United States' motion to dismiss (Dkt. 54). All remaining claims are DISMISSED WITH PREJUDICE. *See Frigard v. United States*, 862 F.2d 201, 204 (9th Cir. 1988) (although dismissal for lack of jurisdiction is

ORDER ON MOTION TO DISMISS - 12

typically without prejudice, dismissal with prejudice is proper when sovereign immunity presents an absolute bar).

Dated this 8th day of October, 2024.

_____
Tiffany M. Cartwright
United States District Judge