UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBERT ALAN DANIEL, et al., | Case No. 3:22-cv-05303-TMC |
| Plaintiff, | ORDER DENYING MOTION FOR LEAVE TO AMEND |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

## I.    ORDER

Before the Court is Plaintiffs' motion for leave to amend the complaint following remand from the Ninth Circuit. Dkt. 83. The deadline for amending pleadings passed years ago. Dkt. 13. A bifurcated bench trial on liability, limited to the claims that remain after appeal, is set for June 29, 2026. Dkt. 85.

When a party seeks leave to amend a pleading after the deadline set by a case scheduling order, the ability to amend is governed by Federal Rule of Civil Procedure 16(b)'s "good cause" standard. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608–09 (9th Cir. 1992). "[T]he focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.* at 609. Here, Plaintiffs assert that they seek amendment to (1) include the full name of Plaintiff L.J.D., who has now reached the age of majority; and (2) align the pleadings with the claims that remain

ORDER DENYING MOTION FOR LEAVE TO AMEND - 1

for trial following remand by the Ninth Circuit. *See* Dkt. 83 at 2–3. But both of those goals can be accomplished through the pretrial order. *See* Fed. R. Civ. P. 16(c)(2)(A), (2)(J). That document will reflect the parties, claims, and defenses that are proceeding to trial consistent with the mandate of the Ninth Circuit, and it will thereafter "control the course of the action." Fed. R. Civ. P. 16(d). There is thus no good cause to amend the complaint, and the motion (Dkt. 83) is DENIED.

Dated this 9th day of March, 2026.

Tiffany M. Cartwright
United States District Judge

ORDER DENYING MOTION FOR LEAVE TO AMEND - 2