UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBERT ALAN DANIEL, et al., | Case No. 3:22-cv-05303-TMC |
| Plaintiff, | ORDER ON MOTIONS IN LIMINE |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

## I.  INTRODUCTION

Plaintiff Robert Daniel was working on a logging contract in the Gifford Pinchot National Forest when his excavator slid off an icy Forest Service Road and rolled down the hill. In this action under the Federal Tort Claims Act ("FTCA"), he and his children contend that the United States' negligence in failing to repair the eroded shoulder of Forest Road 47 at milepost 14.4 caused his injuries.

This case is set for a bench trial on liability following remand from the Ninth Circuit. The parties previously agreed to defer discovery on damages until after the Court's ruling on liability. *See* Dkt. 84. On appeal, the Ninth Circuit: (1) affirmed the dismissal of Plaintiffs' claims arising from the design of the road, annual maintenance planning by the Forest Service, and the design of the timber sale under the FTCA's discretionary function exception; (2) affirmed the dismissal

ORDER ON MOTIONS IN LIMINE - 1

of Plaintiffs' claims arising from the Forest Service's determination that FR 47 was safe for haul; and (3) reversed the dismissal of Plaintiffs' claim based on the Forest Service's failure to repair the eroded shoulder. *Daniel v. United States*, No. 24-6821, 2025 WL 3654682, at *1–2 (9th Cir. Dec. 17, 2025). On the sole claim remaining for trial, the Ninth Circuit identified material factual disputes as to whether (1) "the timber sale contract delegated to Daniel's employer, Arsiero Logging . . . the Forest Service's duty to make the land safe for entry"; (2) "whether the Forest Service should have foreseen that Daniel would choose to encounter the risk of the eroded shoulder despite its known or obvious nature," particularly given the requirements of his employment; and (3) "whether the danger of the eroded shoulder was obvious" and "whether the superelevation" of the road "made the danger of the eroded shoulder less obvious." *Id.* at *2–3. While other factual disputes may arise at trial, the Ninth Circuit's decision frames the scope of this Court's task on remand.

Now before the Court are the parties' motions in limine. Dkts. 89, 90. The motions are GRANTED IN PART and DENIED IN PART as set forth below.

## II.    LEGAL STANDARDS

"A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area." *Hana Fin., Inc. v. Hana Bank*, 735 F.3d 1158, 1162 n.4 (9th Cir. 2013). "To exclude evidence on a motion in limine the evidence must be inadmissible on all potential grounds." *Goodman v. Las Vegas Metro. Police Dep't,* 963 F. Supp. 2d 1036, 1047 (D. Nev. 2013) (internal quotations omitted). "[I]f not, the evidentiary ruling is better deferred until trial, to allow for questions of foundation, relevancy, and prejudice to be resolved with the appropriate context." *Romero v. Washington*, No. 2:20-cv-01027-TL, 2023 WL 6458871, at *1 (W.D. Wash. Oct. 4, 2023). In ruling on motions in limine, courts do not "resolve factual disputes or weigh

evidence." *United States v. Meech*, 487 F. Supp. 3d 946, 952 (D. Mont. 2020). The inquiry is discretionary. *See United States v. Layton*, 767 F.2d 549, 554 (9th Cir. 1985).

As Defendant notes, the Court's gatekeeping responsibility for evidentiary rulings is significantly diminished in a bench trial. *See United States v. Flores*, 901 F.3d 1150, 1165 (9th Cir. 2018) ("When the district court sits as the finder of fact, there is less need for the gatekeeper to keep the gate when the gatekeeper is keeping the gate only for himself.") (citation modified).

### III.    DISCUSSION

The parties bring twelve motions in total. The Court will consider each in turn.

### A.    Plaintiffs' Motions

**1.    *"Clarify that Notice of the Unsafe Condition may come from any source."***

Plaintiffs move for "clarification" as to whether Defendant's notice of the unsafe condition of MP 14.4 may come from evidence other than Mr. Malgarini's statements to a representative of the Forest Service ("USFS"). Dkt. 90 at 1–3. This is because Plaintiffs may seek to establish "actual or constructive notice of the hazardous condition on [FR] 47 at [MP] 14.4" from sources including Mr. Malgarini, Sarah Rockey, or the Willie Thin Offer. *Id.* at 2–3.

In response, Defendant argues that this motion should be denied because it is not a real motion in limine. Dkt. 106 at 4. More specifically, rather than seeking to admit or exclude evidence, Plaintiffs seek a legal ruling. *Id.*

The Court agrees with Defendant. Plaintiffs do not ask for a determination on the admissibility of evidence that might go to this legal issue; they seek a ruling on the sufficiency of their legal theory. Plaintiffs may present at trial any evidence that they believe goes to notice. The Court will rule on any objections to that evidence and decide at the end of the trial whether Plaintiffs have proven the elements of their claim. This motion is DENIED.

ORDER ON MOTIONS IN LIMINE - 3

**2.**    *"Admit testimony of Thomas Alcorn, P.E. regarding the industry standard."*

This motion follows the Court's previous order denying in part and granting in part Defendant's motion to exclude the opinions of Plaintiffs' expert Thomas Alcorn. *See* Dkts. 52, 64 at 3–7. The Court ruled that: (1) Mr. Alcorn's "opinion about the Level 2 road designation" was to be excluded; and (2) objections to testimony about the other opinions "must be made on a question-by-question basis at trial." Dkt. 64 at 7.

Plaintiffs seek an order allowing Mr. Alcorn to testify not on "the ultimate legal issues," but whether Defendant "failed to follow industry standards." Dkt. 90 at 3–4. In response, Defendant argues that this motion is an inappropriate "request to revisit the Court's prior ruling concerning" Mr. Alcorn's testimony. Dkt. 106 at 4. Defendant also argues that Mr. Alcorn's opinions are "not engineering opinions," they are legal conclusions. *Id.*

This motion is DENIED. The Court previously gave the parties a lengthy explanation of its ruling on Mr. Alcorn's testimony, provided them with case law to guide the framing of their presentation of his testimony at trial, and instructed them that further challenges to his testimony would be decided on a question-by-question basis. The Court will not revisit that ruling here.

**3.**    *"Exclude any evidence or argument that Plaintiff Robert Daniel 'assumed the risk.'"*

This motion concerns Defendant's "assumption of risk" affirmative defense. Plaintiffs seek an order precluding the defense because Defendant cannot produce "evidence that the Daniel expressly or impliedly consented to relieve" Defendant of "the duty of care it owed to [Daniel] to make the road safe for its intended purpose." Dkt. 90 at 9–10.

In response, Defendant argues that this is an improper motion in limine as it concerns the merits of their case, rather than the admissibility of evidence, and that the strength of their defense should be decided "based upon the trial record." Dkt. 106 at 5.

ORDER ON MOTIONS IN LIMINE - 4

This motion is DENIED because it is not a proper motion in limine; Plaintiffs instead seek an untimely partial summary judgment ruling on an affirmative defense. *See Louzon v. Ford Motor Co.*, 718 F.3d 556, 562–63 (6th Cir. 2013).

    **4.**    *"Strike the allegation of contributory negligence."*

This motion concerns Defendant's "contributory negligence" affirmative defense. Plaintiffs make several arguments as to why the Court should exclude this defense. First, they allege that Defendants cannot produce evidence that Daniel violated the Washington Administrative Code ("WAC") regulating safety standards for logging, WAC 296-54. Dkt. 90 at 11. Second, "[k]nowledge of roadway conditions and choosing to take the risk are not negligence," as Mr. Daniel's duties required him to go to FR 47 and he did everything to mitigate the risk by choosing the "safest and most effective vehicle." *Id.* Third, there is no witness that could testify that Mr. Daniel was negligent in "walk[ing] the excavator too close to the edge of the road." *Id.* at 11–12. Fourth, Defendant cannot show that Mr. Daniel "failed to drop the boom of his excavator." *Id.* at 12. Fifth, Defendant cannot show that Mr. Daniel failed to "make himself familiar with safe practices." *Id.*

In response, Defendant argues again that this is an improper motion in limine as it concerns the merits of their case, rather than the admissibility of evidence, and that the strength of their defense should be decided "based upon the trial record." Dkt. 106 at 5.

This Court will not consider untimely dispositive motions disguised as motions in limine. Because this too is an untimely partial summary judgment motion, the motion is DENIED.

    **5.**    *"Strike the request to allocate fault to third parties, including Plaintiff's employer Michael Malgarini or Arsiero Logging."*

This concerns Defendant's sixth affirmative defense, which alleges

Plaintiffs' injuries and/or damages, if any, were proximately caused by the intervening or superseding act of one other than an employee or agent of the United

States and were not caused by an act or omission of an employee of the United States.

Dkt. 11 at 6. Plaintiffs claim that the "only possible 'other[s]'" in this case are Arsiero Logging or Michael Malgarini. Dkt. 90 at 13. Plaintiffs seek an order striking this defense because Defendant "cannot seek to have the [factfinder] allocate fault to the employee's immune employer." *Id.* at 13–14 (citing first RCW 4.22.070(1); then *Afoa v. Port of Seattle*, 191 Wn.2d 110, 421 P.3d 903 (2018)).

In response, Defendant argues again that this is an improper motion in limine as it concerns the "weight of testimony" rather than its admissibility. Dkt. 106 at 5–6. Defendant concedes that fault "may not be allocated to Arsiero," but "that does not mean evidence concerning Arsiero's conduct disappears from the causation analysis." *Id.* at 6.

This too is an improper dispositive motion and is therefore DENIED. While Defendant concedes that fault may not be allocated to Arsiero due to its immunity under Washington's workers compensation statutes, *see* Dkt. 103 at 24, any objections to evidence that Defendant contends goes to causation must be considered on a question-by-question basis at trial.

6.    *"Permit Remote Testimony of Out of State Witnesses."*

Plaintiff seeks permission from the Court to allow two witnesses who reside in Colorado, Michael McCort and Mr. Alcorn, to testify remotely. Dkt. 90 at 14. This motion is agreed. Dkt. 106 at 1. The Court finds good cause under Federal Rule of Civil Procedure 43(a) and will allow these witnesses to present live testimony by videoconference. Plaintiffs must give the Court at least 24 hours' notice as to when these witnesses will testify to make sure the proper equipment is available.

**7.**    *"Strike arguments attempting to limit the scope of duty."*

Plaintiffs seek to preclude several categories of testimony from Sarah Rockey, Defendant's 30(b)(6) designee, that attempt to limit the scope of Defendant's duty. Dkt. 90 at 14–16. In response, Defendant argues that the challenged testimony is relevant to the circumstances under which "Forest Service personnel acted, the condition of the roadway, the standards applicable to the road, and the decisions made before the accident." Dkt. 106 at 6–7.

This motion is DENIED because challenges to Ms. Rockey's testimony are better presented on a question-by-question basis. The Court will sustain objections to any questions that elicit testimony on issues already decided by this Court and/or the Ninth Circuit.

**8.**    *"Strike argument that the USFS delegated the responsibility for road safety to Arsiero Logging."*

Plaintiffs seek to preclude Defendant from arguing that USFS delegated responsibility for road safety to Arsiero Logging because it is contrary to Plaintiffs' evidence and Defendant will be "unable to identify a document in which the USFS explicitly delegated to Arsiero Logging the authority to rectify the flaws in F[R] 47 at MP 14.4, namely the excessive superelevation and the missing shoulder." Dkt. 90 at 16–17.

In response, Defendant contends that this motion is "overbroad, legally improper, [and] an improper dispositive motion," because it contradicts the Ninth Circuit instructions on remand, which require the Court to "determine whether any delegation to Arsiero was sufficiently explicit and sufficiently broad under" *Eylander v. Prologis Targeted U.S. Logistics Fund*, 539 P.3d 376, 384 (Wash. 2023). Dkt. 106 at 7.

The Court agrees that this motion is also an untimely motion for partial summary judgment, and it is therefore DENIED. It also contradicts the Ninth Circuit's instructions on remand. The issue of delegation will be decided based on the evidence presented at trial.

    **9.**    *"Strike argument that the dangerous conditions on the road were 'open and obvious.'"*

Plaintiffs seek to preclude Defendant from arguing that the excessive grade of the road was "open and obvious," because they contend that it was not. Dkt. 90 at 17–19.

In response, Defendant argues that this is "not a true motion in limine," but a "thinly disguised dispositive motion" that goes "directly to the merits of Defendant's defense and the factual issues identified by the Ninth Circuit." Dkt. 106 at 8 (citing Dkt. 79 at 6–8).

The Court agrees with Defendants; this motion is DENIED.

**B.**    **Defendant's Motions**

    **1.**    *"Mr. Malgarini's testimony should be limited to his personal experiences with the U.S. Forest Service."*

Defendant seeks an order limiting Mr. Malgarini's testimony to topics he has personal knowledge of because Mr. Malgarini has not been designated or qualified as an expert witness. Dkt. 89 at 1–3. Permitting Mr. Malgarini to testify on matters beyond the scope of a lay witness, Defendant contends, would "create a substantial risk of prejudice and confusion by allowing improper opinions from a non-expert witness." *Id.* at 3.

In response, Plaintiffs contend that Mr. Malgarini should be permitted to testify on "his experience and knowledge of Forest Service contracts, industry customs and standards, including whether the Forest Service should have foreseen that Mr. Daniel would encounter the risk of the missing shoulder at MP 14.4." Dkt. 105 at 1–3. Plaintiffs make several arguments in support of this. First, Mr. Malgarini's opinions are not "untethered" from his personal knowledge, they are based on his experience, observations, and familiarity with the USFS. *Id.* at 1. Second, under FRE 602 and 701, lay witnesses with extensive personal experience may offer opinions rationally based on their perception. *Id.* at 3. Mr. Malgarini can testify that: (1) "loggers are paid not to avoid the risks inherent in logging operations, but to manage those risks as best they can";

ORDER ON MOTIONS IN LIMINE - 8

and (2) "[a]n experienced logger may testify to his perception-based opinion about whether the Forest Service should have foreseen that loggers would take risks on dangerous roads to complete the contracted work, provided that the testimony is grounded in his personal observations and experience." *Id.*

The boundary between Mr. Malgarini's permissible lay testimony based on personal knowledge and improperly disclosed expert testimony is better negotiated on a question-by-question basis at trial. This motion is therefore DENIED.

    **2.**    *"The Court should admit the Forest Service inspection reports, including statements by Ms. Ronelle Goen contained therein."*

Defendant moves to admit the Forest Service inspection reports, including Ms. Ronelle Goen's written statements, under the residual exception to the hearsay rule. Dkt. 89 at 3–4. Defendant contends that the evidence "provide[s] valuable evidence to the Court in evaluating aspects of the contract and credibility of the parties" and Ms. Goen, who is "now deceased since the time of the accident giving rise to this suit, is no longer available to testify and, therefore, exceptional circumstances exist to warrant admission of her statements." *Id.* at 3. Furthermore, Defendant argues that the statements meet the five requirements to be admissible under the residual exception: "trustworthiness, materiality, probative value, interests of justice, and notice." *Id.* at 4 (citing *Parsons v. Honeywell, Inc.*, 929 F.2d 901, 907 (2d Cir. 1991)).

Plaintiffs do not oppose this motion. Dkt. 105 at 1. The motion is GRANTED and the Forest Service inspection reports will be admitted.

    **3.**    *"The Court should admit text message conversations between Ms. Goen and Mr. Malgarini."*

Defendant seeks to admit text messages between Ms. Goen and Mr. Malgarini under two theories. First, they should be admitted under the residual hearsay exception. Dkt. 89 at 6. Second, in the alternative, they should be admitted because they are not hearsay. *Id.* More

ORDER ON MOTIONS IN LIMINE - 9

specifically, they are not offered for the truth of the matter asserted, but "to assist the Court in evaluating the credibility of Mr. Malgarini and Ms. Goen." *Id.* This is also an agreed motion, and the Court will grant it. *See* Dkt. 105 at 1. The text messages will be admitted.

## IV.    CONCLUSION

The parties' motions in limine (Dkts. 89, 90) are GRANTED IN PART and DENIED IN PART as set forth above.

Dated this 12th day of June, 2026.

Tiffany M. Cartwright
United States District Judge

ORDER ON MOTIONS IN LIMINE - 10